# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of  06/10/06    . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:**          Martha T. Foltyn v. Fred W. Richardson

**Case Number:**         04-01179

| Document Information |
|---|

**Description:**         Memorandum Opinion re: [4-1] Motion To Dismiss Adversary Proceeding by Fred W. Richardson .

Received on:             2005-04-08 08:45:49.000

**Date Filed:**          2005-04-08 00:00:00.000

**Date Entered On Docket:**     2005-04-11 00:00:00.000

| Filer Information |
|---|

**Submitted By:**        James Burke

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
FRED W. RICHARDSON and
EILEEN M. RICHARDSON,
    Debtors.                 No. 7-04-12085 SS

MARTHA T. FOLTYN, et al.
    Plaintiffs,
v.                        Adv. No. 04-1179 S

FRED W. RICHARDSON,
    Defendant.


**MEMORANDUM OPINION ON DEFENDANT'S
MOTION TO DISMISS COMPLAINT AND
ORDER GRANTING MOTION TO DISMISS IN PART
AND DENYING MOTION TO DISMISS IN PART**

    This matter is before the Court on Defendant's Motion to
Dismiss and Plaintiffs' Response and Supplemental Authority.
Plaintiffs appear through their attorney Rodey, Dickason,
Sloan, Akin & Robb, PA (William J. Arland, III and Michelle
Henrie).  Defendant appears through his attorney Clifford C.
Gramer, Jr.  This is a core proceeding.  28 U.S.C. §
157(b)(2)(I).

    Under Bankruptcy Rule 7012(b)(6), which incorporates
Fed.R.Civ.P. 12(b)(6), a motion to dismiss for failure to
state a claim upon which relief can be granted should be
granted only if it appears beyond doubt that plaintiff can
prove no set of facts in support of plaintiff's claim which
would entitle plaintiff to relief.  <u>Swanson v. Bixler</u>, 750

F.2d 810, 813 (10th Cir. 1984).  In considering a motion to
dismiss, all well pleaded facts, as opposed to conclusory
allegations, are presumed true and all reasonable inferences
are to be drawn in favor of the plaintiff.  <u>Id</u>.  The pleadings
must be liberally construed.  <u>Id</u>.  A dismissal under Rule
12(b)(6) is a "harsh remedy which must be cautiously studied,
not only to effectuate the spirit of the liberal rules of
pleading but also to protect the interests of justice."  <u>Morse
v. Regents of the Univ. of Colo.</u>, 154 F.3d 1124, 1127 (10th
Cir. 1998)(<u>quoting</u> <u>Cayman Exploration Corp. v. United Gas Pipe
Line Co.</u>, 873 F.2d 1357, 1359 (10th Cir. 1989).)

Defendant's Motion has both procedural and substantive
aspects.  To place the procedural aspect in context, the Court
will briefly review Debtor's Chapter 7 case.  Debtor and his
spouse filed for Chapter 7 relief on March 23, 2004.  The
first meeting of creditors was set for May 12, 2004, and the
Notice of Chapter 7 Bankruptcy Case set deadlines for
complaints to determine dischargeability of debts as July 12,
2004.  On July 12, 2004 Martha T. Foltyn filed an unopposed
motion to extend time in which to object to discharge to
August 26, 2004.  On August 6, 2004, the Court entered an
order granting Martha T. Foltyn's motion for extension.  On
August 26, 2004, "Martha T. Foltyn, Individually, and Martha

Case 04-01179-s    Doc 14    Filed 04/08/05    Entered 04/11/05 09:30:00 Page 3 of 6

T. Foltyn on behalf of Navstor, Inc., and creditors of NavStor, Inc., that are similarly situated" filed the current adversary proceeding to determine dischargeability of debt under 11 U.S.C. §§ 523(a)(2), (a)(4), and (a)(6). Defendant's procedural motion to dismiss asserts that only Martha T. Foltyn obtained an extension of time to object to dischargeability and the other parties are time barred under Fed.R.Bankr.P. 4007(c). Defendant's substantive motion to dismiss is that his debt to Ms. Foltyn is based on a settlement agreement for prior activities and the complaint fails to allege the settlement agreement was fraudulently obtained or his subsequent breach of the settlement agreement was willful and malicious.

The Court finds that Defendant's Motion should be granted in part. If Ms. Foltyn is attempting to establish a class action dischargeability complaint, which she denies in her response, she has not met the requirements. <u>Santa v. Lebner (In re Lebner)</u>, 197 B.R. 180, 189 (Bankr. D. Mass. 1996). If she is attempting to add additional creditors to her dischargeability complaint, she is too late. <u>State of Minnesota v. Pierson (In re Pierson)</u>, 17 B.R. 822, 823 (Bankr. D. Minn. 1982). Therefore, Defendant's motion to dismiss "Martha T. Foltyn on behalf of Navstor, Inc., and creditors of

NavStor, Inc., that are similarly situated" on procedural grounds should be granted.

As to Defendant's substantive motion, under <u>Archer v. Warner</u>, 538 U.S. 314 (2003)[1] and <u>Brown v. Felsen</u>, 442 U.S. 127 (1979), it does not matter if a state court lawsuit fails to allege the elements of a dischargeability complaint. Instead, after settlement or judgment, if a bankruptcy is filed, the bankruptcy court is free to look behind the settlement or judgment to see if the underlying debt was one that would be nondischargeable. Therefore, Defendant is not correct in stating that Ms. Folstyn needed to allege that the settlement was obtained by fraud or breached willfully and maliciously. Rather, she had to allege that the initial debt was one that was nondischargeable. This portion of Defendant's Motion will be denied.

**<u>ORDER</u>**

IT IS ORDERED that Defendant's Motion to Dismiss Complaint is granted in part, and that plaintiffs "Martha T. Foltyn on

---

[1] The <u>Archer</u> court specifically rejected the "novation theory" applied by the Fourth Circuit below. 538 U.S. at 320. Under this theory, a settlement converts a potentially nondischargeable tort claim into a dischargeable contract claim. <u>Archer v. Warner (In re Warner)</u>, 283 F.3d 230, 236 (4th Cir. 2002).

Page -4-

behalf of Navstor, Inc., and creditors of NavStor, Inc., that are similarly situated" claims are dismissed with prejudice.

IT IS ORDERED that Defendant's Motion to Dismiss Complaint on other grounds is denied.

Honorable James S. Starzynski
United States Bankruptcy Judge

I hereby certify that on April 8, 2005, a true and correct copy of the foregoing was electronically transmitted, faxed, delivered, or mailed to the listed counsel and/or parties.

William J Arland
PO Box 1888
Albuquerque, NM 87103-1888

Clifford C Gramer, Jr
3733 Eubank Blvd NE
Albuquerque, NM 87111-3536

Page -5-